UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 3:19-cr-77-J-34PDB

MARK WESLEY SCHMIT   ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

**O R D E R**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the factors identified in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.[1]

　☒ FACTORS CONSIDERED

Defendant Mark Wesley Schmit is a 51-year-old inmate incarcerated at Butner FMC, serving a 240-month term of imprisonment for the distribution of child pornography. (Doc. 54, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on April 30, 2036. Schmit seeks compassionate release because of the Covid-19 pandemic and because he has terminal Stage IV colon cancer. According to available records, his prognosis is poor and he is expected to live a few more weeks

---

[1] Schmit filed a motion for reconsideration from the denial of the appointment of counsel (Doc. 60, Motion) and a supplement (Doc. 61, Supplement), which the Court construed as a motion for compassionate release (Doc. 62, Order).

or months. Schmit recently advised the Court that he has discontinued chemotherapy and will be moved into hospice care. (Doc. 61, Supplement). The United States opposes the Motion. (Doc. 63, Response).

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, as amended by the First Step Act of 2018, § 3582(c) provides in relevant part:

> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>   (i) extraordinary and compelling reasons warrant such a reduction …
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). "Given the permissive language [of § 3582(c)(1)(A)], a district court's decision whether to grant or deny a defendant's request for a sentence reduction is discretionary." United States v. Winner, No. 20–11692, 2020 WL 7137068, at *2 (11th Cir. Dec. 7, 2020).

The United States concedes that Schmit has satisfied § 3582(c)(1)(A)'s exhaustion requirement and that he has terminal cancer, which qualifies as an extraordinary and compelling reason for compassionate release. See Response at 4–6. However, the United States argues that the Court should deny Schmit's request because he does not have a verified release plan, because the BOP is adequately responding to Schmit's needs and to Covid-19, and because the sentencing factors under § 3553(a) do not support a reduction in sentence. Id. at 6–16.

The Court agrees that Schmit's stage IV colon cancer, which has a terminal prognosis, qualifies as an extraordinary and compelling reason for compassionate release, either alone or in combination with Covid-19. Notably, the Court was aware that Schmit had metastatic colon cancer at the time of his sentencing hearing. The Final Presentence Investigation Report [PSR], which was prepared in December 2019, noted that Schmit had Stage IV colon cancer, which by then had spread to his liver and elsewhere. (See Doc. 52, PSR at ¶ 100; Doc. 52-8, Oncology Report). Schmit's oncologist, Dr. Brian Ramnaraign, reported that Schmit's life expectancy was six months without chemotherapy and two to three years with chemotherapy. Oncology Report at 3. Despite receiving chemotherapy while in BOP custody, Schmit's condition has deteriorated rapidly, such that he recently discontinued treatment and advised the Court that he would be moved into hospice care. See Supplement (Doc. 61).[2]

---

[2] The Court recognizes there is a split of authority over whether district courts are bound by the list of extraordinary and compelling reasons contained in U.S.S.G. § 1B1.13, cmt. 1. See, e.g., United State v. Ruffin, 978 F.3d 1000, 1006–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 234 (2d Cir. 2020). The Court's decision does not depend on the resolution of that issue because the United States concedes that Schmit's case presents extraordinary and compelling circumstances.

3

While Schmit's medical condition qualifies as an extraordinary and compelling circumstance, releasing him from BOP custody is not warranted upon consideration of all the § 3553(a) factors. Among other things, the Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), as well as the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," § 3553(a)(2)(A). Although Schmit was convicted of distributing child pornography, this was not an ordinary distribution offense. FBI agents began investigating Schmit after they discovered he had exchanged videos of child exploitation with an individual who was arrested in New Hampshire for the attempted production of child pornography. PSR at ¶¶ 7–9. Upon further investigation, FBI agents discovered that Schmit, using the persona of a teenage boy named "Justin," had engaged in sexually graphic conversations with three young women and pressured them into sending him sexually explicit images of themselves. Id. at ¶¶ 15–22; (see also Doc. 37, Plea Agreement at 20–23). Two of the victims, M.R. and M.P., were confirmed to have been minors at the time, and Schmit was aware of their ages. With respect to the third victim, M.L., it was not confirmed whether she was a minor when she sent the explicit images. PSR at ¶ 23. However, M.L. recently submitted a letter to this Court describing herself as a victim of child pornography. (Doc. 63-5, Letter from M.L.). In the letter, she discusses the impact that Schmit's conduct had on her and urges the Court not to release him from custody.

In light of the severity of the offense conduct, the Court determined that a 240-month term of imprisonment was warranted (aware of the terminal trajectory of Schmit's cancer diagnosis). As of today, Schmit has served a little over one year and eight months

4

of his sentence, dating from his arrest on April 16, 2019. See PSR at p. 1. Releasing Schmit after spending so little time in custody would most certainly fail to reflect the severity of the crime, fail to provide just punishment, and fail to afford adequate general deterrence.

Moreover, the Court must consider the need for the sentence imposed "to provide the defendant with needed … medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). Schmit resides at Butner FMC, which is a dedicated medical facility. As the United States points out, Schmit has not developed a verified release plan, a consideration that takes on added importance given his medical condition. Response at 6–9. On its own, the BOP attempted to arrange Schmit's transfer to a Veterans Affairs (V.A.) facility but the facility could not accept him. (Doc. 63-4, Medical Records at 12, 17, 21, 112–15, 125, 141, 156). Additionally, the medical records reflect that the BOP will transfer Schmit to hospice on December 29, 2020, id. at 50, 53, 63, 65, where the goal will be to provide him with comfort measures, id. at 1, 3. There is no indication that Butner FMC's hospice program cannot or will not provide Schmit with appropriate palliative care.

This case resembles United States v. Chambliss, in which the Fifth Circuit Court of Appeals affirmed the denial of a defendant's motion for compassionate release under the § 3553(a) factors where the defendant had terminal liver cancer. 948 F.3d 691 (5th Cir. 2020). The district court pointed to the severity of the offense (trafficking methamphetamine) and the defendant's criminal history, and observed that he had completed only 14 years of his 30-year sentence. Id. at 693-94. The district court reasoned that, although the defendant was terminally ill, releasing him from prison after

5

14 years would minimize the severity of the crime and fail to provide just punishment. Id. at 694. The district court also determined that the defendant was receiving adequate medical care at FMC Rochester and that the need to provide him with necessary treatment warranted keeping him at the facility. See id. at 692, 694. The Fifth Circuit held that the district court did not abuse its discretion in balancing the § 3553(a) factors and affirmed the district court's ruling. Id. at 694. As in Chambliss, here the § 3553(a) factors do not warrant compassionate release. In particular, the need for the sentence imposed to reflect the seriousness of the offense and to provide just punishment, and the need to provide Schmit with necessary medical care, do not warrant releasing him from the BOP's custody.[3]

Upon review of the record, Defendant Mark Wesley Schmit's Motion for Reconsideration (Doc. 60) and Supplement (Doc. 61), construed as a Motion for Compassionate Release, are **DENIED**. Likewise, the request for the appointment of counsel is **DENIED** because it is not supported by the interests of justice. United States v. Cain, 827 F. App'x 915, 921–22 (11th Cir. 2020). The Court requests that the United States provide a copy of this Order to M.L.

**DONE AND ORDERED** at Jacksonville, Florida this 22nd day of December, 2020.

MARCIA MORALES HOWARD
United States District Judge

---

[3] As the Fifth Circuit pointed out, while the Court may not extend a defendant's prison term based on the need for treatment, Tapia v. United States, 564 U.S. 319, 321 (2011), it may consider a defendant's need for medical care in declining to shorten his term of imprisonment, Chambliss, 948 F.3d at 694.

6

lc 19
Copies:
Defendant
Counsel of record