**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.   Case No.:   3:19-cr-77-MMH-PDB

MARK WESLEY SCHMIT

_____/

**ORDER**

This case is before the Court on Defendant Mark Wesley Schmit's counseled "Memorandum in Support of His Motion for Reconsideration and Emergency Motion for Compassionate Release." (Doc. 70, Motion for Reconsideration). Schmit is a 52-year-old inmate incarcerated at Butner FMC, serving a 240-month term of imprisonment for the distribution of child pornography. (Doc. 54, Judgment). He suffers from terminal Stage IV colon cancer, for which doctors have ceased administering chemotherapy. According to a BOP physician (as related to counsel through Schmit), Schmit is expected to live another two to three months. (Doc. 72, Motion to Expedite at 2; Doc. 72-1 at ¶ 5, Declaration of Jack Fernandez).[1]

On December 22, 2020, the Court denied Schmit's initial pro se motion for compassionate release. (Doc. 64, Order Denying Pro Se Motion for

---

[1] The severity of Schmit's medical condition is not disputed.

1

Compassionate Release). At the time, Schmit advised the Court that doctors had terminated chemotherapy treatment and that he had only a few weeks or months left to live. See id. at 1–2. The Court denied the motion based on the 18 U.S.C. § 3553(a) factors, citing: (1) the severity of the offense; (2) the small fraction of the 20-year prison sentence Schmit had served (one year and eight months at the time, dating from his arrest on April 16, 2019); (3) the fact that Schmit had not developed a verified release plan; and (4) the fact that Schmit resided at a dedicated medical facility, which was scheduled to transfer Schmit to a hospice program and would be able to provide palliative care.

On August 4, 2021, Schmit filed the Motion for Reconsideration (Doc. 70) through counsel. He filed the Motion to Expedite (Doc. 72) on August 17, 2021, and a supplemental notice on August 19, 2021 (Doc. 75). He argues that his medical condition has further deteriorated since the Court denied his initial motion for compassionate release, Motion for Reconsideration at 14–15, and that the precariousness of his situation is compounded by the spread of the Covid-19 delta variant, id. at 10–13. He argues that, unlike when the Court denied his initial motion, he now has a release plan, which is to be admitted to the Veterans Affairs (VA) hospice facility in Lake City, Florida. Id. at 15–16. Schmit asserts that when the Court originally sentenced him to 20 years in prison, there was a possibility he might live until his release date at age 65, but that possibility is now gone. Id. at 6–7. Schmit also states that he cannot receive

2

family visitors at Butner FMC because of Covid-19 restrictions, id. at 7, 17, but that releasing him to the VA facility in Lake City, Florida, will allow him to visit with and continue to reconcile with family members, see id. at 15.

Schmit attaches four documents in support of his Motion for Reconsideration. These are: (1) a letter from Schmit's ex-wife, Susan German (Doc. 70-1); (2) a letter from Jason Crawford, chaplain at the Bradford County Sheriff's Office (Doc. 70-2); (3) a letter from Laura Mabry, LPN, head nurse of the Bradford County Jail Medical Department (Doc. 70-3); and (4) a Department of Justice "Pandemic Response Report" about the Butner Federal Correctional Complex, dated January 2021 (Doc. 70-4).

The United States opposes the Motion for Reconsideration. (Doc. 74, Response). The United States concedes that, based on Schmit's advanced terminal cancer and grim prognosis, Schmit has shown "extraordinary and compelling reasons" for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13. Response at 3.[2] However, the United States argues that the Court should deny the Motion for Reconsideration because the sentencing factors under 18 U.S.C. § 3553(a) and the policy statement do not support reducing Schmit's sentence to time served. Id. at 4–12. The United States argues that the Court correctly balanced the § 3553(a) factors when it originally

---

[2] The United States also does not contest that Schmit has satisfied § 3582(c)(1)(A)'s exhaustion requirement.

3

denied Schmit's motion for compassionate release; that nothing has materially changed since then to undermine that analysis; and that, given the ubiquity of internet-connected devices and Schmit's history of using his cancer diagnosis to manipulate the victims into sending him child pornography, he is still a danger to the community.

The Court has fully considered the parties' arguments, including pertinent medical records, letters, and other exhibits. The Motion for Reconsideration is due to be denied.

There is no question that Schmit's terminal cancer and his failing health, either alone or in combination with Covid-19, are "extraordinary and compelling" reasons for a sentence reduction. See U.S.S.G. § 1B1.13, cmt. 1(A)(i). But the Court must also consider whether the § 3553(a) sentencing factors support a reduction in sentence. See 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. Under the applicable policy statement, by which the Court is bound, United States v. Bryant, 996 F.3d 1243, 1248 (11th Cir. 2021), the Court must further consider whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," U.S.S.G. § 1B1.13(2).

As the Court explained in its prior Order,

> releasing [Schmit] from BOP custody is not warranted upon consideration of all the § 3553(a) factors. Among other things, the Court must consider "the nature and circumstances of the offense and the

4

> history and characteristics of the defendant," § 3553(a)(1), as well as the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," § 3553(a)(2)(A). Although Schmit was convicted of distributing child pornography, this was not an ordinary distribution offense. FBI agents began investigating Schmit after they discovered he had exchanged videos of child exploitation with an individual who was arrested in New Hampshire for the attempted production of child pornography. PSR at ¶¶ 7–9. Upon further investigation, FBI agents discovered that Schmit, using the persona of a teenage boy named "Justin," had engaged in sexually graphic conversations with three young women and pressured them into sending him sexually explicit images of themselves. Id. at ¶¶ 15–22; (see also Doc. 37, Plea Agreement at 20–23). Two of the victims, M.R. and M.P., were confirmed to have been minors at the time, and Schmit was aware of their ages. With respect to the third victim, M.L., it was not confirmed whether she was a minor when she sent the explicit images. PSR at ¶ 23. However, M.L. recently submitted a letter to this Court describing herself as a victim of child pornography. (Doc. 63-5, Letter from M.L.). In the letter, she discusses the impact that Schmit's conduct had on her and urges the Court not to release him from custody.
>
> In light of the severity of the offense conduct, the Court determined that a 240-month term of imprisonment was warranted (aware of the terminal trajectory of Schmit's cancer diagnosis).[3] As of today, Schmit has served a little over one year and eight months of his sentence, dating from his arrest on April 16, 2019. See PSR at p. 1. Releasing Schmit after spending so little time in custody would most certainly fail to reflect the severity of the crime, fail to provide just punishment, and fail to afford adequate general deterrence.

Order Denying Motion for Compassionate Release at 4–5. These considerations are as relevant now as they were when the Court denied the pro se motion for compassionate release. As of today, Schmit has served two years and four

---

[3] Schmit suggests that when the Court sentenced him to a term of 240 months in prison, there was a possibility he might live long enough to see his release date. Motion for Reconsideration at 6–7. But at sentencing, the Court was aware that Schmit had been diagnosed with Stage IV colon cancer that was considered "incurable." (Doc. 52-8, Oncology Report of Brian Ramnaraign, M.D., p. 3). The Court was further aware at the time that his life expectancy was six months without chemotherapy and two to three years even with chemotherapy. Id.

5

months in prison for the offense described above. Reducing Schmit's 20-year prison sentence to 28 months "would most certainly fail to reflect the severity of the crime, fail to provide just punishment, and fail to afford adequate general deterrence." Id. at 5.

Moreover, as the Court noted in its prior Order, Schmit resides at Butner FMC, which is a dedicated medical facility. He was moved into a hospice program at Butner FMC on December 29, 2020. (See Doc. 63-4, Medical Records at 53); see also Motion for Reconsideration at 6–7. There is no indication that the hospice program at Butner FMC is not providing appropriate palliative care or comfort measures.

The Court recognizes that Schmit now has a release plan to be admitted to the VA hospice facility in Lake City, Florida, where he can have family visitations uninhibited by Covid-19 restrictions like those at Butner FMC. But as the United States points out, neither Schmit's release plan nor his medical condition sufficiently mitigates the danger he poses to the community. See Response at 5–8.

Not only did Schmit commit the instant offense while suffering metastatic colon cancer, he used the disease to commit the crime. Schmit leveraged his illness (and his fake persona as a 17-year-old boy) to elicit sympathy from the underage victims and to manipulate them into sending pornographic images of themselves. (See Doc. 53-1, Gov't Sentencing Exhibit 1, Text Message Logs).

6

Schmit required nothing more than a mobile device to accomplish his offense. As the United States points out, "[i]n a world of ubiquitous access to internet-connected devices, the condition of release proposed by the defendant [to prohibit access to the internet] is difficult to enforce, especially in a relatively open environment such as a ward at a Veterans Affairs hospital." Response at 7. Given the ever presence of internet-connected devices, the ease and lack of exertion required to use them, and Schmit's willingness to leverage his disease to commit child sexual exploitation, neither the conditions of supervised release nor his failing health eliminate the risk that he will repeat the crime of which he was convicted. That Schmit has shown a lengthy pattern of deceptive and manipulative behavior towards others, including those close to him, compounds the Court's concerns. See PSR at ¶¶ 9–12, 15–22, 41, 49, 70–75, 93.

The Court recognizes that Schmit had a difficult upbringing, Motion for Reconsideration at 2–3, but that does not explain or justify what he did to the victims in this case. The Court also recognizes that he wishes to have in-person visitations with family members, which Butner FMC cannot accommodate at this time because of Covid-19 protocols. That said, Butner FMC can arrange family visitations on a limited basis, including through video equipment. See Response at 9–10.

The Court is sympathetic to Schmit and his family members. The Court does not doubt that Schmit was a loving husband and is a caring father. See

7

Letter of Susan German. The bad things Schmit did in life do not erase the good, but neither does the good erase the bad. Schmit is in prison not because of a single ill-advised choice he made, but because of a pattern of destructive choices he made over the course of months and years. Unfortunately, "the choices we make during our lifetimes will sometimes make it difficult in the end." United States v. Kincaid, No. 06-30073, 2020 WL 1874113, at *4 (C.D. Ill. Apr. 15, 2020) (denying motion for compassionate release by terminally ill defendant convicted of production and possession of child pornography). The Court wishes peace and closure for Schmit and his family, but also for his victims. Under all the circumstances, the Court cannot justify releasing Schmit from prison.

Accordingly, having fully considered the parties' arguments and submissions, Defendant Mark Wesley Schmit's Motion for Reconsideration (Doc. 70) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 31st day of August, 2021.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc 19
Copies:
Counsel of record
Defendant Mark Wesley Schmit